TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
KAREN I. MEYER (Cal. Bar No. 220554)
Assistant United States Attorney
Violent and Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-8559
    Facsimile: (213) 894-3713
    E-mail:   kim.meyer@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-485-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | |
| MICHAEL GALLANT, | Sentencing Date and Time: March 25, 2022 1:30 p.m. |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Karen I. Meyer, hereby files its sentencing position paper.

    This position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further

evidence and argument as the Court may permit.

Dated: March 24, 2022						Respectfully submitted,

							TRACY L. WILKISON
							United States Attorney

							SCOTT M. GARRINGER
							Assistant United States Attorney
							Chief, Criminal Division

							 /s/ Karen I. Meyer
							KAREN I. MEYER
							Assistant United States Attorney

							Attorneys for Plaintiff
							UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  BACKGROUND

    A.  Facts and Offense Conduct

From November 2015, and continuing through March 2017, defendant, from his residence in Encino, California, went on Website A to view child pornography via the Internet. From November 20, 2015, to January 12, 2016, defendant used Website A to access child pornography over 85 times.

On March 22, 2017, HSI executed a search warrant at defendant's residence. At that time, defendant possessed on his personal USB flash drive approximately 827 suspected child pornography images, 172 suspected child pornography videos, 657 child erotica images and one child erotica video.

Some of the images involved toddlers or depicted infants under two years old being used for sexual acts. Other images of child pornography portrayed sadistic or masochistic sexual conduct involving minor children.

    B.  USPO Guideline Calculation

The government does not object to the material information and the sentencing guideline range contained in the Pre-Sentence Report and Recommendation ("PSR") of the United States Probation Office ("USPO"). The USPO prepared a PSR calculating a criminal history category of I and an adjusted total offense level of 28. The USPO calculations mirror those stipulated to by the parties in the binding plea agreement and include the following: a base offense level of 18, plus two points for material involving a prepubescent minor, plus four points for material portraying sadistic or masochistic conduct, plus two points for use of a computer, plus five points for 600 or

more images, and minus three points for acceptance of responsibility. (PSR ¶¶ 22-34).  The Probation Officer found that defendant possessed approximately 827 images and 172 videos of child pornography.  (PSR ¶ 26).  According to the USPO, the resultant sentencing range is 78 to 97 months (PSR, guideline summary page).

In the plea agreement, the government agreed to a binding sentencing range of 12 to 60 months.

## II.   GOVERNMENT SENTENCING RECOMMENDATION

Pursuant to Title 18, United States Code, Section 3553(a), the government asks this Court to sentence defendant to a custodial term of one year, and a 10-year period of supervised release.  While the government notes that the USPO has recommended that defendant pay a fine in the amount of $25,000, with $2,500 due immediately, the government respectfully requests that this Court impose restitution in this case, including the $5,000 in restitution pursuant to 18 U.S.C. § 3014 for non-indigent defendants, which can only be paid after all other obligations related to victim-compensation arising from this conviction are paid, including any court-ordered fines.  18 U.S.C. § 3014(b).

## III. RESTITUTION

Under 18 U.S.C. § 2259(a), restitution to child pornography victims is mandatory.  A defendant must be ordered to pay "the full amount of the victim's losses," which may include "any costs incurred by the victim" for:

(A) medical services relating to physical, psychiatric, or psychological care;

(B) physical and occupational therapy or rehabilitation;

2

  (C) necessary transportation, temporary housing, and child care expenses;

  (D) lost income;

  (E) attorneys' fees, as well as other costs incurred; and

  (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(1), (3).  According to 18 U.S.C. § 3664(d)(5), a deferred restitution hearing may be calendared no later than 90 days after the sentencing hearing.

  As noted in paragraph 19 of defendant's amended plea agreement, 18 U.S.C. § 3014 specifies that the Court shall impose $5,000 in restitution on any non-indigent defendant in cases such as these.

  Filed separately <u>under seal</u> are the victim impact statements for the following series:  "Camp2" Series, "Football1" Series, "RapJerseys" Series, "Sponge Bob" Series, and "Surfer Hair" Series.[1]

IV. CONCLUSION

  In accordance with the terms of the plea agreement, the government requests a custodial sentence of 12 months, followed by a 10-year period of supervised release, and a $100 special assessment. The government respectfully requests that restitution be deferred for determination at the subsequent restitution hearing.

---

[1] The government anticipates filing victim impact statements for the "8Kids" Series and "Dalmations" Series as well.

3